JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryson Moore,<br><br>    Plaintiff,<br><br>v.<br><br>Diego Machado, et al.,<br><br>    Defendants. | No. CV-25-04281-PHX-JAT (DMF)<br><br>**ORDER** |

On July 8, 2025, Plaintiff Bryson Moore, who is confined in the Arizona State Prison Complex-Tucson (ASPC-Tucson), filed through counsel, a Complaint in Pima County Superior Court against the State of Arizona and Diego Machado. (Doc. 1-1 at 15-23.) On August 12, 2025, Plaintiff filed a First Amended Complaint. (*Id.* at 28-36.) On August 26, 2025, the State answered the First Amended Complaint. (*Id.* at 39-49.) Subsequently, the case was transferred to the Maricopa County Superior Court. (*Id.* at 52-53.) On November 14, 2025, Defendant Machado filed a Notice of Removal and removed the case to this Court. (Doc. 1.) On November 21, 2025, Defendant Machado filed a Motion for Extension of Time to file an answer to the First Amended Complaint, which the Court granted that same day. (Docs. 4, 5.)

The Court will dismiss the Eighth Amendment claim without prejudice and remand the state-law claims to the Maricopa County Superior Court.

. . . .

. . . .

**I.    Removal**

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts would have original jurisdiction. 28 U.S.C. § 1441(a). In his First Amended Complaint, Plaintiff alleges, among other things, that Defendant Machado violated his Eighth Amendment rights. This Court's jurisdiction extends to such claims. *See* 28 U.S.C. § 1331 (a federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States").

**II.    Statutory Screening of Prisoner Complaints**

Although Plaintiff is represented by counsel, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there

are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

### III. First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues the State of Arizona and Correctional Officer II Diego Machado. (Doc. 1-1 at 29.) Plaintiff asserts an Eighth Amendment failure-to-protect claim against Defendant Machado, a negligence/gross negligence claim against Machado, and a vicarious liability claim against the State. (*Id.* at 31-36.) Plaintiff seeks compensatory and punitive damages, pre- and post-judgment interest, and his attorney's fees and costs. (*Id.* at 36.)

Plaintiff alleges the following:

Plaintiff is a prisoner in the Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR). On October 24, 2024, Plaintiff was housed alone in a cell within a close custody unit at ASPC–Tucson, Cimarron Unit. (*Id.* ¶ 10.) ADCRR regulations prohibit a close custody prisoner from entering another close custody prisoner's cell and prohibit officers from unlocking cell doors for the purpose of granting close custody prisoners access to other close custody prisoners' cells. (*Id.* ¶¶ 11-12.)

At approximately 8:00 p.m., while Plaintiff was asleep in his cell, Defendant Machado unlocked the door to Plaintiff's cell and allowed two prisoners to enter the cell, although those prisoners were not assigned to live in that cell. (*Id.* ¶ 13.) The two prisoners had told Machado that they wanted to roll cigarettes with Plaintiff. (*Id.* ¶ 14.) By allowing those prisoners to enter Plaintiff's cell, Defendant Machado "violated" his training and ADCRR rules, regulations, policies, procedures, and orders. (*Id.* ¶ 13.)

Once inside his cell, the two unidentified prisoners assaulted Plaintiff, fracturing his jaw and causing him to suffer extensive and visible facial trauma and "serious medical needs." (*Id.* ¶ 16.) The prisoners then left Plaintiff's cell, and Plaintiff crawled into the hallway, reported the incident to Defendant Machado, and requested medical help. (*Id.* ¶ 17.) Defendant Machado told Plaintiff, "give me a minute." (*Id.* ¶ 18.) Defendant Machado's work shift ended, and he left the ADCRR premises without providing or seeking medical attention for Plaintiff, without activating an incident command system

("ICS"),[1] and without notifying his colleagues, supervisor(s), or ADCRR medical personnel about Plaintiff's injuries. (*Id.* ¶ 22.)

Plaintiff was left untreated for approximately 90 minutes until a corrections officer on the next shift "discovered Plaintiff's peril" and activated an ICS. (*Id.* ¶ 23.) Plaintiff was transported to St. Mary's Hospital, and then to St. Joseph's Hospital, where he was diagnosed with a left mandibular condyle fracture and a right mandibular angle fracture. (*Id.* ¶ 24.) Plaintiff underwent open reduction and internal fixation jaw surgery with his jaw being wired shut and metal jaw locks being placed. (*Id.* ¶ 25.) Plaintiff endured significant post-operative complications, was "forced to endure a full liquid diet," and sustained weight loss, persistent pain, infection, and a retained fixation screw for which he had to undergo another surgical procedure to remove the screw. (*Id.* ¶¶ 26-27.) Plaintiff also experienced profound emotional distress, including fear of repeated attacks and psychological trauma associated with his restricted speech and swallowing ability resulting from having his jaw wired shut. (*Id.* ¶ 28.)

ADCRR initiated an investigation of the assault. (*Id.* ¶ 29.) During his investigative interview, Defendant Machado admitted that his actions had been "improper." (*Id.* ¶ 30.) Defendant Machado failed to provide the investigator with a rationale for his failure to render aid to Plaintiff, and he ultimately told the investigator, "I fucked up." (*Id.*)

Plaintiff alleges that his untreated injuries were likely to, and in fact did, result in further significant injury and the unnecessary and wanton infliction of pain. (*Id.* ¶ 19.) Plaintiff asserts that Defendant Machado had received training and instruction about close custody prisoners being housed alone and about not letting prisoners into cells they were not assigned to, but Machado "purposefully, deliberately, willfully, recklessly and cruelly failed follow his training and instead provided access for other inmates into Plaintiff's cell." (*Id.* ¶ 20.) Plaintiff also claims that Defendant Machado had received training and instruction about activating ADCRR's incident command system ("ICS") for inmate

---

[1] An ICS is an Arizona Department of Corrections, Rehabilitation and Reentry process "to prepare for, prevent, respond to, recover from, and mitigate incidents and emergencies." *See* Department Order (DO) 706 at 1 [https://perma.cc/B8LH-UEJT].

- 4 -

medical emergencies, but he "purposefully, deliberately, willfully, recklessly and cruelly failed and refused to activate the ICS or otherwise provide or summon medical assistance for Plaintiff." (*Id.* ¶ 21.)

In Count One, Plaintiff asserts a negligence/gross negligence claim against Defendant Machado. In Count Two, Plaintiff asserts an Eighth Amendment claim against Machado. Plaintiff alleges that Machado was deliberately indifferent to Plaintiff's safety and well-being by: unlocking Plaintiff's cell door while he was asleep in a closed custody unit where Plaintiff was housed alone and inmates were not permitted to enter one another's cells; failing to protect Plaintiff from a known risk of allowing and facilitating other inmates' entry into his cell; ignoring the likelihood that Plaintiff faced a substantial risk of suffering serious harm as a result of other inmates being in his cell; ignoring the likelihood that Plaintiff faced a substantial risk of suffering serious harm by not being provided timely medical care; failing to render or summon medical aid for Plaintiff; and leaving the ADCRR premises without first arranging for Plaintiff to receive medical care. (*Id.* ¶ 40.)

In Count Three, Plaintiff asserts a vicarious liability claim against the State of Arizona.

**IV.    Failure to State a Federal Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

   **A.    Failure to Protect**

The Eighth Amendment requires prison officials to take reasonable measures to

1  guarantee the safety of prisoners because being assaulted in prison "is simply not part of
2  the penalty that criminal offenders pay for their offenses against society." *Farmer v.*
3  *Brennan*, 511 U.S. 825, 832–34 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.
4  2009). To state a failure-to-protect claim, a plaintiff must allege that: (1) the deprivation
5  was, objectively, sufficiently serious, and (2) the official was, subjectively, deliberately
6  indifferent to the prisoner's safety or acted with "a sufficiently culpable state of mind."
7  *Farmer*, 511 US at 834; *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (internal
8  citation omitted).

Under the objective prong, "[w]hat is necessary to show sufficient harm for the purposes of the Cruel and Unusual Punishment Clause depends on the claim at issue." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). For a failure-to-protect claim, the prisoner must show that he was placed in conditions that posed a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Under the subjective prong, the requisite state of mind is "deliberate indifference." *See Farmer*, 511 U.S. at 834. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corrs.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002). A plaintiff must allege facts to support that the official knew of and disregarded an excessive risk to prisoner safety. *Farmer*, 511 U.S. at 837. To satisfy the knowledge component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Although deliberate indifference "does not require that the [prison] official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault," it does require that the official "have more than a mere suspicion that the attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted).

In addition, a plaintiff alleging deliberate indifference must "demonstrate that the

1  defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v.*
2  *Cal. Dep't of Corrs. and Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). "The requisite
3  causal connection can be established not only by some kind of direct personal participation
4  in the deprivation, but also by setting in motion a series of acts by others which the actor
5  knows or reasonably should know would cause others to inflict the constitutional injury."
6  *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff's allegations do not support that Defendant Machado was aware of and disregarded a substantial risk of serious harm to Plaintiff before Machado allowed the two prisoners to enter Plaintiff's cell. The allegation that the prisoners told Machado that they wanted to roll cigarettes with Plaintiff suggests that Machado had no reason to believe those particular prisoners posed any threat to Plaintiff, and generalized safety concerns with respect to all close custody prisoners cannot support Machado's personal liability for failing to protect Plaintiff from assault. Even if Machado was negligent or grossly negligent, that is insufficient to state an Eighth Amendment claim. And even if Machado violated ADCRR policy, that does not amount to a constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (departmental regulations do not establish a federal constitutional violation) (emphasis in original).

### B. Failure to Obtain Medical Care

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

As noted, deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement*, 220 F. Supp. 2d at 1105; *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

With respect to the allegation that Defendant Machado failed to obtain medical assistance for Plaintiff, Plaintiff fails to allege facts to support that his injuries were so obvious to Machado that failing to immediately call for medical assistance was anything more than negligent or grossly negligent. Plaintiff also alleges that the delay in treatment resulted in further injury to him, but he does not describe how the delay further injured him, or facts to support that Machado knew or should have known that such further injury was likely. Plaintiff does not allege any facts to support that his injuries would not have been as severe if he had been treated immediately. Moreover, Plaintiff alleges that when he reported the assault to Defendant Machado, Machado initially told Plaintiff to "give [him] a minute," but Plaintiff alleges no other facts concerning anything Machado did or

said after that but before his shift ended. As presented, Plaintiff fails to state an Eighth Amendment claim against Machado for failure to obtain medical assistance.

For the foregoing reasons, Plaintiff fails to state an Eighth Amendment claim in the First Amended Complaint.

**V.     Remand of State Law Claims**

The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims because he has failed to state a federal claim. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. L.V. Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). The Court will therefore remand Counts One and Three to the state court.

**IT IS ORDERED:**

(1)     Count Two is **dismissed without prejudice**.

(2)     Counts One and Three are **remanded** to the Maricopa County Superior Court.

(3)     The Clerk of Court must mail a **certified copy** of this Order to:

> Joseph W. Malka
> Clerk of the Superior Court
> Maricopa County, Arizona Superior Court
> 201 West Jefferson
> Phoenix, Arizona 85003-2205

. . . .

. . . .

. . . .

. . . .

. . . .

1     (4)    The Clerk of Court must close this federal case.

2     Dated this 5th day of December, 2025.

*James A. Teilborg*
Senior United States District Judge